**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RAJNI VERMA,

Plaintiff,

v.

GHS INC., GENZADA PHARMACEUTICALS LLC, HYATT LIFE SCIENCES INC., and GEOCHEMICALS LLC,

Defendants.

Case No. 26-CV-1101-JMK-JBW

## MEMORANDUM AND ORDER

Plaintiff brings this employment action against Defendants asserting claims based upon pregnancy, sex/gender, national origin, and race/ethnicity discrimination, violation of 42 U.S.C. § 1981, and retaliation. This matter is before the Court on Defendants' Motion for Entry of Protective Order (Dkt. 25). Defendants request the entry of their proposed protective order (Dkt. 26-2) limiting the disclosure, dissemination, and use of confidential information produced or disclosed during this litigation. Plaintiff filed a response to the motion stating she does not oppose the entry of a protective order, but objects to the one proposed by Defendants and requests the Court enter a narrowed protective order that includes Plaintiff's proposed limiting language and provisions. As explained below, the Court will grant Defendants' motion and enter a protective order consistent with this Memorandum and Order—based upon the one proposed by Defendants and without the additional language and provisions requested by Plaintiff.

### I. Plaintiff's Proposed Additional Protective Order Provisions

Plaintiff claims the parties' protective order dispute is limited. She objects only to Defendants' effort to use a blanket confidentiality designation for business records among

Defendants in this lawsuit and for insurance materials that could delay or prevent production of otherwise discoverable information. She requests additional provisions be included in the protective order that she argues would prevent Defendants from withholding, delaying, or refusing production of responsive documents based upon confidentiality. These additional provisions will address her concerns Defendants will use the protective order as a "discovery shield" and to delay service of their initial disclosures. Specifically, she proposes four provisions that will: (a) govern the handling of genuinely confidential information after production; (b) make clear that confidentiality does not authorize withholding or delaying responsive, nonprivileged discovery; (c) preserve prompt disclosure of qualifying insurance agreements and declaration pages under Rule 26(a)(1)(A)(iv); and (d) preserve Plaintiff's right to challenge unsupported confidentiality designations.

Defendants argue Plaintiff's response to their motion for entry of a routine protective order raises discovery issues not presented in their motion and confirms rather than defeats the need for the requested protective order. They object to the inclusion of Plaintiff's proposed limiting language and provisions, arguing these provisions are unnecessary and risk creating new disputes by suggesting exceptions to the standard protective-order process before any document-specific designation has been made.

**A. Plaintiff's Proposal to Add Limiting Language "Parties Not Named in the Lawsuit"**

In their motion, Defendants state that Plaintiff requested limiting language be included in the good cause and definition of confidential information sections of Defendants' proposed protective order. Specifically, Plaintiff proposes to insert the words "with parties not named in the lawsuit" in the good cause section as indicated below:

> Defendants' non-public business information, including, but not limited to financial information, financial statements and confidential business records **<u>with parties not named in the lawsuit</u>**, and personnel records of their employees containing confidential private personal information, such as personnel files, payroll information and disciplinary records, which employees expect will be kept confidential or that is otherwise required to be kept confidential by law and disclosure of which to nonparties and/or the public could result in embarrassment and possible reputational harm to these employees and would create legal risk for Defendant.[1]

Plaintiff also seeks to add this limiting language to the "Definition of Confidential Information" section for the following category: "[I]nformation prohibited from disclosure by statute or contractual agreement **<u>with third parties not named in the lawsuit</u>**."[2] Defendants object to the inclusion of this limiting language in the protective order. They contend the language Plaintiff seeks to add would be harmful to them in this matter and will completely erase the purpose of entering a protective order.

In her response, Plaintiff does not mention adding these words or attach a copy of her proposed protective order so it is unclear whether Plaintiff still is seeking to add this limiting language. She does make a limited argument on page 6 of her response that references "non-public business information." Plaintiff states she is concerned Defendants' proposed protective order will allow Defendants to designate broad categories of "non-public business information" as confidential.

If Plaintiff is still requesting the addition of this limiting language, the Court denies the request. First, the Court finds the limiting language Plaintiff proposes to the "good cause"

---

[1] Ex. 1 to Defs.' Mot. for Protective Order (Dkt. 26-1) at 1 (Plaintiff's proposed language indicated in bold and underlining). Defendants state Exhibit 1 is Plaintiff's proposed protective order with redline changes. This exhibit only includes Plaintiff's proposed additional language "with parties not named in the lawsuit" and does not include Plaintiff's other four proposed provisions as set out in her response (Dkt. 28 at 7–8).

[2] *Id*. at 2.

paragraph is not necessary. Defendants have shown good cause for entry of the protective order with or without this limiting language. Second, to the extent Plaintiff's proposed limiting language seeks to narrow the scope of the protective order for the categories of information prohibited from disclosure by contractual agreement or Defendants' non-public business information, the Court agrees with Defendants that this language is unreasonably narrow and would exclude Defendants' own information prohibited from disclosures by contract or confidential business records from the protections of the protective order. The Court denies Plaintiff's request to include this limiting language in the protective order proposed by Defendants.

### B. Proposed Provision Prohibiting Withholding of Documents Solely on Confidentiality Designation

Plaintiff also proposes the inclusion of a protective order provision prohibiting any party from withholding documents solely on a confidentiality designation:

> **No Withholding Based Solely on Confidentiality Designation**. Nothing in this Order authorizes a party to withhold, delay, or refuse production of responsive, nonprivileged documents on the ground that the party considers them confidential, proprietary, commercially sensitive, or subject to a confidentiality agreement. Any such documents shall be produced subject to this Order unless the producing party asserts a recognized privilege, work-product protection, or obtains further order of the Court.[3]

Defendants object to the inclusion of this provision. They argue Plaintiff's response largely reframes the dispute as though Defendants seek permission to withhold responsive discovery indefinitely. Defendants state they have represented to Plaintiff that documents designated as confidential will be produced following entry of the protective order. They further point out their proposed protective order already preserves the parties' rights to object, challenge a confidentiality

---

[3] Pl.'s Resp. (Dkt. 27) at 7.

designation, and seek Court intervention where appropriate. They argue the Court need not decide hypothetical future discovery disputes in order to enter a routine confidentiality order now.

The Court finds Plaintiff has not shown why her proposed provision should be included in Defendants' proposed protective order, which is based on the Court's own form protective order. Defendants' proposed protective order already preserves the parties' rights to object, challenge a confidentiality designation, and seek Court intervention for disputes that arise. Defendants have represented they will produce responsive documents following entry of the protective order. A party's production of potentially confidential documents following entry of the parties' protective order is a common practice in federal employment cases in this District and why the Court sets an early deadline for the parties' joint submission of a protective order or motion for protective order. Plaintiff's general concerns that Defendants may delay producing a responsive document due to its potential confidentiality designation do not warrant the inclusion of this provision in the protective order.

The Court understands Plaintiff's concerns and that her intent behind the proposed protective order provision is to prevent future discovery disputes. However, the problem with this approach is that the discovery disputes Plaintiff raises in her response are hypothetical and speculative of future disputes that are not ripe for determination at this point. The Court denies Plaintiff's request to include this provision in the protective order proposed by Defendants.

### C. Proposed Provision Regarding Defendants' Corporate Relationship and Joint-Operation Discovery

The second provision Plaintiff seeks to include in the protective order is based on her concerns with Defendants' corporate relationship and joint-operation discovery:

> **Corporate-Relationship and Joint-Operation Discovery**. Nothing in this Order shall prevent, delay, or limit discovery concerning the Defendants' joint ownership, common control, joint operation, shared management, intercompany agreements,

> allocation of employment-related functions, or other information relevant to the identity, control, and operation of Plaintiff's employer or employers. Any properly designated responsive material shall be produced subject to this Order unless otherwise protected by a valid privilege or a specific order of the Court.[4]

Defendants oppose inclusion of this provision. They contend that properly framed discovery may proceed subject to the Federal Rules, objections, privileges, and "any applicable confidentiality designations," but this does not justify denial of entry of their protective order. They argue if Plaintiff seeks documents she contends are relevant to corporate relationships, the protective order provides the mechanism for production of confidential business records without unnecessary public disclosure or collateral disputes.

Plaintiff defends inclusion of this provision, arguing the record already reflects substantial overlap in the executive leadership of Defendants. Plaintiff claims she is entitled to discovery concerning whether Defendants were jointly owned, commonly controlled, and jointly operated, and how those relationships affected Plaintiff's employment. She argues common ownership, common management, or an intercompany relationship does not automatically make an agreement or record a trade secret or confidential commercial information.

The Court finds Plaintiff has not provided sufficient justification for inclusion of this provision. Plaintiff's concern that Defendants will likely object to producing discovery regarding Defendants' corporate relationship and joint operations does not justify inclusion of this proposed provision in the protective order. At this point, any discovery disputes regarding objections Defendants may assert to discovery requests directed at Defendants' corporate relationships and joint operations are premature, not ripe for determination, and need not be decided in order to enter a protective order concerning confidential information. The Federal Rules of Civil Procedure

[4] Pl.'s Resp. (Dkt. 27) at 8.

govern discovery and permit Defendants to assert objections to discovery and withhold discovery based upon applicable privileges. If Plaintiff's provision seeks to prohibit Defendants from asserting objections based upon a document's confidentiality designation, Plaintiff has not justified any such provision here. The Court denies Plaintiff's request to include this provision in the protective order proposed by Defendants.

**D. Proposed Provision Regarding Insurance Disclosures**

Plaintiff's third suggested provision is based upon Defendants' delaying production of their insurance disclosures under Fed. R. Civ. P. 26(a)(1)(A). She proposes the following provision be added to Defendants' protective order:

> **Insurance Disclosure**. Nothing in this Order alters a party's disclosure obligations under Rule 26(a)(1)(A)(iv). Qualifying insurance agreements and declaration pages shall be produced as required by that Rule; any claimed confidentiality shall govern only the use and disclosure of the material after production.[5]

Defendants state they are not using the request for a protective order to avoid disclosure of their insurance information. They point out they have already produced the declaration page and confirm they have agreed to produce the insurance policy after entry of a protective order.

The Court finds Plaintiff has not provided a sufficient reason to include this provision in Defendants' proposed protective order. Defendants have already produced the insurance policy's declaration page and represented to Plaintiff's counsel and the Court that they will produce the insurance policy in its entirety following entry of the protective order. If Defendants fail to provide these disclosures after entry of the protective order, Plaintiff may file a motion to compel those disclosures as provided by Fed. R. Civ. P. 37(a)(3)(A), after complying with D. Kan. Rules 37.1

[5] Pl.'s Resp. (Dkt. 27) at 8.

and 37.2. The Court denies Plaintiff's request to include this provision in the protective order proposed by Defendants.

**E. Proposed Provision Regarding Filing Under-Seal Material Designed as Confidential**

Plaintiff's fourth suggested provision addresses filing under-seal material designed as confidential:

> **No Determination of Confidentiality or Sealing**. Entry of the Order shall not constitute a judicial determination that any designated material is confidential, privileged, or entitled to be filed under seal. A party seeking to file material under seal must comply with the Court's applicable rules and procedures.[6]

Defendants oppose inclusion of Plaintiff's proposed provision as unnecessary and because it risks creating new disputes by suggesting exceptions to the standard protective-order process before any document-specific confidentiality designation has been made. The Court agrees this provision is not necessary. Defendants' proposed protective order already has provisions for a party to challenge a confidentiality designation and the filing of confidential information under seal. There are no provisions in Defendants' protective order suggesting a party can base privilege on a document's confidentiality designation. Confidentiality and privilege are separate and distinct protections.[7] The Court denies Plaintiff's request to include this provision in the protective order proposed by Defendants.

---

[6] Pl.'s Resp. (Dkt. 27) at 8.

[7] *See Burge v. Teva Pharms. Indus., Ltd.*, No. 22-CV-2501-DDC-TJJ, 2026 WL 1660086, at *5 (D. Kan. June 9, 2026) ("privilege and confidentiality are separate and distinct protections. If a document is found to be privileged, it is not discoverable and the party withholding the document does not have to disclose it to the opposing party at all. However, if a document is designated as confidential or highly confidential under the provisions of the parties' agreed protective order, the designating party still produces the document to the opposing party but the receiving party is subject to certain limitation on the disclosure and use of the document, such as a prohibition on the disclosure to nonparties or use of the document outside the litigation.")

**IT IS THEREFORE ORDERED** that Defendants' Motion for Entry of Protective Order (Dkt. 25) is **GRANTED**. The Court will enter a protective order consistent with this Memorandum and Order.

**IT IS SO ORDERED.**

Dated October 6, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge